IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ELIZABETH KELLY FRANKLIN**                                                   **PLAINTIFF**

**V.**                    **CASE NO. 4:20-CV-01037-BSM-ERE**

**COMMISSIONER of**
**SOCIAL SECURITY ADMINISTRATION**                                           **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition (Recommendation) has been sent to United States District Judge Brian S. Miller. Either party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**I.   INTRODUCTION**

On August 18, 2017 and August 21, 2017, respectively, Elizabeth Franklin applied for disability benefits under Titles XVI and II of the Social Security Act, alleging disability beginning March 1, 2000. (Tr. at 81). Her claims were denied both initially and upon reconsideration. *Id*. Ms. Franklin later amended the alleged onset date of disability to August 18, 2017. *Id*. After conducting a hearing on August 21, 2019, an Administrative Law Judge (ALJ) denied Ms. Franklin's application on September 17, 2019. (Tr. at 87).

Following the ALJ's order, Ms. Franklin sought review from the Appeals Council and submitted additional evidence, including medical treatment records from December 2019 through April 2020. (Tr. at 2). The Appeals Council denied her request for review. (Tr. at 1-4). The ALJ's decision thus stands as the final decision of the Commissioner, and Ms. Franklin now seeks judicial review.

For the reasons stated below, this Court should reverse the ALJ's decision and remand for further review.

## II.  THE COMMISSIONER'S DECISION

The ALJ found that Ms. Franklin had not engaged in substantial gainful activity since the alleged onset date of August 18, 2017. (Tr. at 83). At Step Two, the ALJ found that Ms. Franklin had the following severe impairments: diabetes mellitus with peripheral neuropathy. *Id*.

After finding Ms. Franklin's impairments did not meet or equal a listed impairment, the ALJ determined that she had the residual functional capacity ("RFC") to perform the full range of work at the medium exertional level. *Id*.

Based on this RFC, and in light of Ms. Franklin's age, education, and work experience, the ALJ determined that Ms. Franklin could perform jobs that exist in significant numbers in the national economy. (Tr. at 87). The ALJ concluded, therefore, that Ms. Franklin was not disabled. *Id*.

**III. DISCUSSION**

    **A. Standard of Review**

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

    **B. Ms. Franklin's Arguments on Appeal**

Ms. Franklin contends that the ALJ's decision is not supported by substantial evidence. She argues that the ALJ erred by: (1) failing to consider all of her impairments in combination; (2) improperly discrediting her subjective complaints of pain; (3) improperly assessing her RFC; and (4) failing to develop the record. She also argues that the Appeals Council failed to fully and fairly develop the medical record. Because the ALJ

erred in determining Ms. Franklin's RFC, it is not necessary to reach Ms. Franklin's other points on appeal.[1]

A claimant's RFC must fully account for all of his or her impairments, whether severe or non-severe. *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008). By definition, a severe impairment is one that significantly limits a claimant's ability to engage in basic work activities. *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011).

Ms. Franklin argues that the ALJ erred by failing to include limitations related to her impairments in determining her RFC. The Commissioner responds to this point by arguing that the record does not support any such limitations.

The Commissioner's argument fails because the ALJ found that Ms. Franklin suffered from a severe impairment of diabetes mellitus with peripheral neuropathy. (Tr. at 83). The ALJ cannot plausibly find at Step Two that Ms. Franklin's impairment significantly limits her ability to perform basic work activities and also disregard the impairment in determining her RFC. By finding that Ms. Franklin could perform a full range of medium work, the ALJ held that she had no limitations on her ability to stand or walk.[2] That finding is at odds with the finding that her peripheral neuropathy constituted a

---

[1] *See Noerper v. Saul*, 964 F.3d 738, 741 n.1 (8th Cir. 2020) ("Although our detailed discussion is targeted, we have considered her arguments and the record as a whole as to all of her impairments and their cumulative effect on her limitations.").

[2] There is no difference in the standing or walking requirements between medium work and work at the higher exertional levels. *See Titles II & XVI: Determining Capability to Do Other Work – the Medical-Vocational Rules of Appendix 2*, SSR 83-10 (S.S.A. 1983).

severe impairment. Symptoms of neuropathy include pain, weakness, sensory loss, numbness, and burning dysesthesias. (Tr. at 409, 427). The ALJ failed to account for any limitations arising from Ms. Franklin's severe impairment in her RFC, instead finding that there was a "lack of evidence of limitations in the record." (Tr. at 86).

The ALJ cannot have it both ways. "A finding that an impairment is severe cannot square with a conclusion that it imposes no limitations. It is axiomatic that a severe impairment imposes limitations, and an impairment that imposes no limitations is not severe." *Pickens v. Berryhill*, No. 4:18-cv-212, 2019 WL 1219707, at *2 (E.D. Ark. Mar. 15, 2019), *R.&R. adopted*, 2019 WL 1449618 (E.D. Ark. Apr. 1, 2019). The ALJ's decision is impermissibly internally contradictory in that it acknowledges a severe impairment yet fails to provide any accommodation for it. Therefore, the decision is not supported by substantial evidence.

## IV.  CONCLUSION

For the reasons stated above, the Court finds that the ALJ erred in determining Ms. Franklin's RFC and the decision is not supported by substantial evidence.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED, and the case be REMANDED for further review.

DATED this 25th day of October, 2021.

_____
UNITED STATES MAGISTRATE JUDGE